IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-271

 Filed: 21 April 2020

Onslow County, Nos. 16 CRS 55904, 55907

STATE OF NORTH CAROLINA

 v.

MARCUS DOMINIQUE CHADWICK

 Appeal by defendant from judgments entered 7 November 2018 by Judge

Joshua W. Willey Jr. in Onslow County Superior Court. Heard in the Court of Appeals

14 November 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Christopher
 R. McLennan, for the State.

 Edward Eldred for defendant.

 DIETZ, Judge.

 Defendant Marcus Chadwick was convicted of multiple offenses, including

offenses related to illegal drug use. As a condition of Chadwick’s supervised

probation, the trial court ordered him to undergo an assessment by a drug treatment

program and to comply with any treatment recommendations from that program.

 Chadwick challenges this probation condition on appeal. As explained below,

that special condition was reasonably related to Chadwick’s rehabilitation and thus
 STATE V. CHADWICK

 Opinion of the Court

well within the trial court’s sound discretion. We therefore affirm the trial court’s

judgments.

 Facts and Procedural History

 On 16 September 2016, a police officer arrived at Defendant Marcus

Chadwick’s home to arrest him for failure to appear in court. As Chadwick went

inside to get his shoes, the officer smelled a strong odor of marijuana and noticed a

measuring scale and a shotgun in Chadwick’s bedroom. The officer tried to detain

Chadwick, but Chadwick fled. Law enforcement ultimately arrested Chadwick and

found 62 grams of marijuana, digital scales, and other drug paraphernalia in his

possession.

 Chadwick was found guilty of felony possession of marijuana, misdemeanor

possession of drug paraphernalia, felony assault on a law enforcement officer

inflicting physical injury, and misdemeanor resisting a public officer. At sentencing,

the trial court consolidated Chadwick’s felony convictions and the drug paraphernalia

conviction into one judgment and imposed a sentence of five to fifteen months in

prison. The court suspended that sentence and placed Chadwick on supervised

probation for thirty months.

 The court also imposed a special probation condition because of the evidence of

Chadwick’s drug use. The court ordered Chadwick to “[r]eport for initial evaluation

by TASC up to and includ[ing] inpatient treatment[,] participate in all further

 -2-
 STATE V. CHADWICK

 Opinion of the Court

evaluation, counseling, treatment, or education programs recommended as a result

of that evaluation, and comply with all other therapeutic requirements of those

programs until discharged.” “TASC” is an acronym for “Treatment Accountability for

Safer Communities,” a drug treatment network that specializes in services for people

involved in the justice system and suffering from substance abuse.

 Chadwick appealed, challenging this special condition of his supervised

probation.

 Analysis

 Chadwick argues that the trial court lacked authority to order him to be

evaluated by the drug treatment program and then to comply with any treatment

recommendations from the program. “A challenge to a trial court’s decision to impose

a condition of probation is reviewed on appeal using an abuse of discretion standard.”

State v. Allah, 231 N.C. App. 88, 98, 750 S.E.2d 903, 911 (2013). Under this standard,

we can reverse only if “the trial court’s ruling is manifestly unsupported by reason or

so arbitrary that it could not have been the result of a reasoned decision.” Id.

 In addition to the regular conditions of probation, the trial court may require

a probationer to comply with one or more “special conditions” described by statute.

N.C. Gen. Stat. § 15A-1343(b1). Some of these special conditions require probationers

to participate in medical, psychiatric, or substance abuse treatment. See, e.g., N.C.

Gen. Stat. § 15A-1343(b1)(1)–(2b). Chadwick argues that, under these provisions,

 -3-
 STATE V. CHADWICK

 Opinion of the Court

only the trial court can require a probationer to undertake a specific drug treatment

action. Thus, he reasons, the trial court improperly delegated its authority by

ordering that Chadwick undergo a drug treatment evaluation (not a specific course of

drug treatment) and then ordering Chadwick to comply with whatever course of

treatment the program (not the trial court) determined to be appropriate after that

evaluation.

 We need not decide whether Chadwick’s statutory analysis is correct because

this condition of probation is permissible under a separate section of the statute. In

addition to the enumerated special conditions, the statute permits the trial court to

require a probationer to “[s]atisfy any other conditions determined by the court to be

reasonably related to his rehabilitation.” N.C. Gen. Stat. § 15A-1343(b1)(10).

 Trial courts have wide discretion to formulate conditions under this provision.

State v. Harrington, 78 N.C. App. 39, 48, 336 S.E.2d 852, 857 (1985). The extent to

which a condition of probation may be imposed under this provision “hinges upon

whether the challenged condition bears a reasonable relationship to the offenses

committed by the defendant, whether the condition tends to reduce the defendant’s

exposure to crime, and whether the condition assists in the defendant’s

rehabilitation.” Allah, 231 N.C. App. at 98, 750 S.E.2d at 911.

 Here, Chadwick was convicted of several crimes that suggest he suffers from

substance abuse issues. A special probation condition requiring Chadwick to submit

 -4-
 STATE V. CHADWICK

 Opinion of the Court

to evaluation through a drug treatment program, and to comply with any treatment

recommendations stemming from that evaluation, bears a reasonable relationship to

Chadwick’s drug-related crimes and is reasonably likely to reduce Chadwick’s

exposure to drug crimes and assist in his rehabilitation. Accordingly, the trial court’s

decision to impose this condition was well within the trial court’s sound discretion.

 Conclusion

 We affirm the trial court’s judgments.

 AFFIRMED.

 Judges DILLON and ARROWOOD concur.

 -5-